[Cite as *State v. Flannery*, 2015-Ohio-388.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No. E-14-017

    Appellee                              Trial Court No. 2012-CR-338

v.

Danielle Flannery                            **DECISION AND JUDGMENT**

    Appellant                             Decided:  January 30, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Chief Assistant Prosecuting Attorney,
for appellee.

Loretta Riddle, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 27, 2014 sentencing judgment of the Erie
County Court of Common Pleas, which sentenced appellant to a maximum term of 11
years of incarceration on appellant's conviction on one count of permitting child abuse, in
violation of R.C. 2903.15, a felony of the first degree.  For the reasons set forth below,
this court affirms the judgment of the trial court.

**{¶ 2}** Appellant, Danielle Flannery, sets forth the following two assignments of error:

> NO. I.  A TRIAL COURT ERRORS [SIC] WHEN IT SENTENCED APPELLANT TO THE MAXIMUM PRISON TERM FOR ONLY ONE FELONY OFFENSE.

> NO. II.  THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO CONTINUE THE SENTENCING HEARING, AND THAT DECISION DENIED APPELLANT DUE PROCESS OF LAW.

**{¶ 3}** This case arises from the beating death of a young boy in Sandusky, Ohio. On July 30, 2012, the Sandusky Police Department was called to the Firelands Hospital emergency room at the request of the Sandusky Fire Department in connection to a badly injured boy who had just been transported to the hospital.

**{¶ 4}** The three-year-old male victim resided in a Sandusky apartment with his mother and her live-in boyfriend.  The Sandusky Fire Department had received a call initially claiming that the boy had fallen and been injured.  The child was at home with appellant's boyfriend at the time.  The responding firemen discovered the boy to be cold to the touch, not breathing, and had blue lips.  They further observed that the boy had extensive bruising and abrasions on his face, head, and chest.  They immediately transported the severely injured boy to Firelands Hospital and requested that the police department come to the emergency room in order to investigate the matter.

2.

{¶ 5} The boy died as a result of the severe injuries that he sustained. The Lucas County Coroner's Office conducted an investigation and ruled the death a homicide by multiple blunt force trauma via beating by another person. The extensive injuries precipitating the boy's death included a perforated right atrium of the heart, a lacerated liver, a lacerated mesentery artery, bilateral pulmonary contusions, multiple contusions and abrasions on the boy's face and head, and abrasions on the boy's genitalia.

{¶ 6} Notably, during the course of the investigation, appellant and her live-in boyfriend, a co-defendant who was ultimately indicted for aggravated murder, furnished investigators a series of inconsistent and untenable explanations for the boy's fatal injuries. The proffered explanations for the boy's violent death ranged from the boy falling and hitting his head on a plastic toy truck to the boy passing out and falling down to claims that the three year old somehow severely beat himself.

{¶ 7} Significantly, the record reflects that there was a history of child abuse investigations by personnel from children services involving the boy and the co-defendant, his mother's live-in boyfriend. The record reflects that the co-defendant has a lengthy history of domestic violence incidents including prior injuries to the deceased necessitating hospital visits and triggering investigations. The record further reflects that appellant failed to fully cooperate in these prior abuse investigations. The record also shows the opinion of treating medical personnel of the probability that the boy was deceased for several hours or more prior to emergency medical assistance being sought. Lastly, the record shows that even after appellant's boyfriend was indicted for aggravated

3.

murder in the death of her three-year-old son and she was ordered by the trial court to have no further communication with him, appellant continued to surreptitiously correspond with the co-defendant despite his killing her son. Appellant drafted letters under a false name and sent them to him in prison. Appellant wrote to the co-defendant, "I'm worried about you. I hurried and sent this letter in Nikki's name to try and ease your mind and mine * * * They're going to be watching us both very closely * * * Just because I don't wave or talk back doesn't mean I don't love you * * * [I]t's because I can't lose my bond."

{¶ 8} On August 15, 2012, appellant was indicted on one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree, one count of permitting child abuse, in violation of R.C. 2903.15(A), a felony of the first degree, one count of obstructing justice, in violation of R.C. 2921.32, a felony of the third degree, and one count of child endangerment, in violation of R.C. 2919.22, a felony of the third degree.

{¶ 9} On December 6, 2013, pursuant to a voluntarily negotiated plea agreement, appellant pled guilty to the count of permitting child abuse, in violation of R.C. 2903.15(A), a felony of the first degree. In exchange, the remaining three felony counts were dismissed. A presentence investigation report was ordered and the matter was continued for sentencing.

{¶ 10} The record reflects that during the plea colloquy counsel for appellant clearly conveyed to the court, "As to sentencing, no promises or agreements have been

4.

made between defense and the State of Ohio or defense and the Court. No representations, promises, or guarantees have been made to Ms. Flannery at all."

{¶ 11} Subsequently, the trial court consistently stated to appellant, "Do you understand that any recommendation made at sentencing the court will consider, but is not required to follow? * * * Under the law, it's the court or the judge that determines your sentence. Do you understand that?" Appellant responded affirmatively. The trial court proceeded to advise appellant, "You're pleading guilty to one felony of the first degree. That carries a possible prison term of three years all the way up to eleven years." Appellant again affirmed her understanding.

{¶ 12} On February 27, 2014, the matter proceeded to sentencing. Counsel for appellant requested a "short" continuance in order to review approximately 20 minutes of grand jury testimony of a witness in order to prepare a response and rebuttal to that testimony for sentencing purposes. Accordingly, the trial court continued sentencing from 10:00 a.m. to 11:30 a.m.

{¶ 13} At sentencing, the trial court engaged in a lengthy colloquy given the seriousness of the matter involving the beating death of a three-year-old child. The trial court proceeded to carefully and thoroughly examine the R.C. 2929.11 and 2929.12 sentencing factors and systematically found them to be overwhelmingly aggravating rather than mitigating in consideration of an appropriate sentence. The trial court imposed a maximum term of incarceration of eleven years upon appellant. This appeal ensued.

5.

{¶ 14} In the first assignment of error, appellant maintains that it was improper for the trial court to impose a maximum term of incarceration. In support, appellant concludes without evidentiary support, "Ms. Flannery's offense is not the worst form of the crime and her sentencing is contrary to law." We do not concur.

{¶ 15} As a preliminary matter, we note that appellant incorrectly states that this court does not conduct felony sentencing review pursuant to the R.C. 2953.08(G) statutory standard and appellant, "[A]rgues that the standard should be that by R.C. 2953.08(G)."

{¶ 16} However, as unambiguously stated by this court at ¶ 16 in *State v. Tammerine*, 6th Dist. No. L-13-1081, 2014-Ohio-425, "Based upon all of the foregoing, we now likewise apply the statutory standard of review rather than the former *Kalish* approach to our review of felony sentences * * * [W]e now will consider the propriety of the disputed sentence in this case pursuant to the new R.C. 2953.08(G)(2) statutory parameters."

{¶ 17} As applied to the instant case, we first note that the permissible statutory sentencing range for a felony of the first degree, such as the conviction underlying this case, is between three and eleven years. R.C. 2929.14(A)(1). Thus, we find that the 11-year term of incarceration imposed in this case clearly falls within the permissible range. In addition, as discussed above, the record contains ample evidence establishing that the trial court properly considered the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 seriousness and recidivism factors. The record further reflects that

6.

the trial court properly applied postrelease control.  Accordingly, the record does not show that appellant's sentence is clearly and convincingly contrary to law.

{¶ 18} Next, we must consider any of the statutory findings potentially relevant to our review of this case.  The record reveals that none of the R.C. 2953.08(G)(2) findings are applicable to the instant case.

{¶ 19} R.C. 2929.13(B) pertains to fourth or fifth degree felony cases.  This case entails a first degree felony offense and thus the statutory findings are not relevant.  R.C. 2929.14(B)(2)(e) pertains to offenders who are repeat violent offenders.  This case does not involve a repeat violent offender and thus those findings are not relevant.  R.C. 2929.14(C)(4) pertains to multiple convictions on multiple offenses.  This case does not involve multiple convictions on multiple offenses and thus those findings are not relevant.  Lastly, R.C. 2929.20(I) pertains to judicial release hearings.  Accordingly, it is not relevant in this case.

{¶ 20} Based upon the foregoing and pursuant to R.C. 2953.08(G)(2), we find that the disputed sentence was not shown to be based upon applicable statutory findings not supported by the record and was not otherwise clearly and convincingly contrary to law.  Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 21} In appellant's second assignment of error, it is alleged that the trial court abused its discretion in refusing to continue the sentencing hearing.  The record in this matter refutes this assertion.

7.

**{¶ 22}** Contrary to appellant's claim, the record shows that appellant requested a "short" continuance immediately prior to sentencing in order to review approximately 20 minutes of grand jury testimony so as to respond to it for sentencing purposes. The record shows that the 10:00 a.m. sentencing was continued until 11:30 a.m. to accommodate this request. The record reflects that appellant did not object to the ruling on the motion for continuance as it was not denied. Wherefore, we find appellant's second assignment of error not well-taken.

**{¶ 23}** On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Erie County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.